UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|   Plaintiff/Respondent, § | |
| § | |
|   v. § | CRIMINAL ACTION NO. V-04-82 |
| § | CIVIL ACTION NO. V-11-17 |
| DANIEL RAY RAMIREZ, § | |
|   Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER ADOPTING
MEMORANDA & RECOMMENDATIONS**

Pending before the Court are United States Magistrate Judge Brian L. Owsley's Memorandum and Recommendation to Dismiss Movant's § 2255 Motion and to Deny His Motion to Reduce Sentence ("M&R to Dismiss") (Dkt. No. 71)[1] and Memorandum and Recommendation to Deny the Motion for Reconsideration ("M&R to Deny Reconsideration") (Dkt. No. 86).

**I. Factual and Procedural Background**

Movant Daniel Ray Ramirez ("Ramirez") was indicted on September 16, 2004 on three counts: (1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute "approximately eleven (11) grams of a mixture or substance containing cocaine base (also known as crack cocaine)" in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Dkt. No. 1.) Ramirez pled guilty to all three counts of the Indictment pursuant to a written plea agreement (Dkt. No. 36) and was sentenced to 262 months imprisonment, five years supervised release, and a $300 special assessment ($100 per count). (Dkt. No. 45.) Judgment was entered on August 15, 2005. (*Id.*) Because Ramirez did not appeal, his conviction became final on August 29, 2005. *See* FED. R. APP. P. 26(a)(2).

---

[1]. Docket Entry references are to the criminal case, V-04-CR-82.

1

On March 22, 2011, Ramirez filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255, as well as a number of other related motions (Dkt. Nos. 54, 55, 57, 60, 64),[2] to which the United States of America ("the Government") responded (Dkt. No. 67), and Ramirez replied (Dkt. Nos. 68, 69). While his § 2255 motion was still pending, Ramirez filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the Fair Sentencing Act of 2010 (FSA), which reduced the sentencing guideline calculations for many defendants convicted of offenses involving crack cocaine (Dkt. No. 63).

On January 17, 2012, Magistrate Owsley issued his M&R to Dismiss, recommending that both of Ramirez' motions be dismissed (Dkt. No. 71). The M&R to Dismiss ultimately concluded that: (1) Ramirez' § 2255 motion is time-barred; (2) Ramirez' claims of actual innocence are insufficient to equitably toll the statute of limitations with respect to his § 2255 motion; (3) the FSA is not applicable to Ramirez as a result of his career offender status; and (4) Ramirez is not entitled to a certificate of appealability.

Ramirez filed his untimely Objections to the Magistrate's Memorandum and Recommendation to Dismiss Movant's § 2255 on February 13, 2012 (Dkt. No. 82).[3] More than four months later, on June 25, 2012, Ramirez filed an even more untimely Motion to Amend Movant's 28 U.S.C. 2255 Pursuant to FED. R. CIV. P. 15(c)(1)(b) (Dkt. No. 88).

Ramirez did not file written objections to the M&R to Dismiss with respect to his § 3582(c)(2) motion, but instead filed his Motion for Reconsideration [of] the Denied 18 U.S.C. § 3582(c)(2) on January 30, 2012 (Dkt. No. 76). On February 29, 2012, Magistrate Owsley issued his

---

2. Ramirez certified that he delivered these motions to prison authorities on March 22, 2011. (Dkt. No. 54 at 14.) Under the "mailbox rule," the date of filing for *pro se* prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir.1998).

3. Ramirez certified that he mailed his Objections on February 13, 2012. (Dkt. No. 82 at 25.) Under the mailbox rule, Ramirez' Objections were not timely filed. *See Spotville*, 149 F.3d at 376–78.

M&R to Deny Reconsideration recommending that Ramirez' motion for reconsideration be denied (Dkt. No. 85). On March 23, 2012, the Clerk received Ramirez' Objection to Magistrate's M&R to Deny the Motion for Reconsideration of 3582(c)(2) (Dkt. No. 87). It is unclear when Ramirez delivered this document to prison authorities—and therefore whether his objections were timely filed—as the signature line and date were left blank. (*Id.* at 5.)

**II. Legal Standard**

A district court that refers a case to a magistrate judge must review *de novo* any portions of the magistrate judge's proposed findings and recommendations on dispositive matters to which the parties have filed specific, written objections. *See* FED. R. CIV. P. 72(b). The district court may accept, reject, or modify, in whole or in part, those portions of the proposed findings and recommendations. *See id.*

**IV. Ramirez' Motion to Vacate, Correct, or Set Aside Sentence pursuant to 28 U.S.C. § 2255**

Ramirez raised the following issues in his § 2255 motion (Dkt. No. 54), Amended § 2255 Motion (Dkt. No. 57-2), and "Addendum" to Amended § 2255 Motion (Dkt. No. 60):

(1) He was actually innocent of Count 3, possessing a firearm in furtherance of a drug crime;

(2) He plead guilty to possession of cocaine under 21 U.S.C § 841(b)(1)(C) but was sentenced as if he plead guilty to possession of crack under 21 U.S.C § 841(b)(1)(B);

(3) During sentencing, he relayed to the Court that his attorney had been ineffective since the beginning and showed no interest in representing him;

(4) He asked counsel to file an appeal, and counsel stated he would file an appeal if Ramirez had grounds for an appeal, but because Ramirez "had no grounds, filing an appeal would be a waste of time" (Dkt. No. 60 at 2);

(5) The Government breached the plea agreement when it "sat back and watched Mr. Ramirez get sentenced under 21 U.S.C § 841(b)(1)(B)" (*Id.*).

The M&R concluded that Ramirez' § 2255 motion—which was filed more than five years after judgment became final on August 29, 2005—was barred by the Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year statute of limitations, and Ramirez' claims of actual innocence were insufficient to equitably toll the statute. *See* 28 U.S.C. § 2255(f).

Ramirez objects to the M&R to Dismiss on the grounds that: (1) his actual innocence of Counts Two and Three provide an exception to AEDPA's one-year statute of limitations; and (2) the M&R to Dismiss failed to address the "core" issues of being sentenced incorrectly according to the signed plea agreement.

Ramirez first claims that his actual innocence of Count Three—which requires that a defendant knowingly possess a firearm in furtherance of a federal drug trafficking crime—tolls AEDPA's one-year statute of limitations. Ramirez' initial § 2255 motion cited the United States Supreme Court's decision in *Watson v. United States*, issued December 10, 2007, which held that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." 552 U.S. 74, 83 (2007). Because a witness informed police that Ramirez traded seven rocks of cocaine in exchange for the firearm in question, Ramirez argued that under *Watson*, he was actually innocent of this charge. The M&R concluded that, even assuming that *Watson* supports Ramirez' argument, he had until December 10, 2008, to file his § 2255 motion. Thus, his motion was still more than two years late.

Ramirez' objection to the M&R to Dismiss does not address its conclusion that he is not entitled to equitable tolling based on *Watson*, but instead argues for the first time that he is actually innocent of Count Three because he "has never been accused of making drug sells [*sic*] to anyone," and the Government failed "to show the nexus between the firearm located on the living room floor

4

just inside the doorway" and "the drugs [that] were located in the bedroom." (Dkt. No. 82 at 6 (emphasis in original).)

In order to determine whether a defendant's possession of a firearm furthers his drug trafficking offense, the Court may consider factors such as:

> the type of drug activity conducted, the accessibility of the firearm, the type of weapon, whether the gun is stolen, the status of the possession (legitimate or illegitimate), whether the gun is loaded, the gun's proximity to the drugs or drug profits, and the time and circumstances in which the gun and the drugs are discovered.

*U.S. v. Williams*, 2011 WL 2680431, *7 (E.D. La. Jul. 8, 2011) (citing *United States v. Ceballos–Tores*, 218 F.3d 409, 414 (5th Cir. 2000). "When a firearm is easily accessible to its owner and kept in an apartment along with a sizeable amount of drugs and drug money, the facts reasonably support the inference that the gun possession was in furtherance of drug trafficking." *Id.* (citing *United States v. London,* 568 F.3d 553, 559 (5th Cir. 2009)).

Here, the record shows that offense conduct giving rise to Count Three was not that Ramirez received the firearm in question in exchange for drugs, but instead that Ramirez pointed the loaded firearm at a police officer's head while the officer was attempting to arrest Ramirez on several state felony warrants. (Dkt. No. 18 at 18:18—19:14.) Ramirez threw the gun on the floor before being subdued and arrested by officers, who then located 11 grams of crack cocaine in the bedroom, which is an amount consistent with intent to distribute. (*Id.* at 19:16—20: 8.) Based on these facts, a reasonable juror could easily conclude that Ramirez "used" the firearm under § 924(c)(1)(A) when he pointed it at the officer in order to protect his crack supply.

Ramirez further claims that he is "actually innocent of the sentence he is serving on [the] drug count." (Dkt. No. 57 at 2.) According to Ramirez, he was sentenced incorrectly under 21

U.S.C. § 841(b)(1)(B) for possession crack cocaine, when he thought he was pleading guilty to possession of powder cocaine.

The record shows that the Ramirez was indicted on Count Two for possession with intent to distribute crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (Dkt. No. 1 at 2.) As the M&R to Dismiss further acknowledged, during rearraignment the Government presented a factual recitation regarding its evidence to support the charge in Count Two, which explicitly referred to crack cocaine. Specifically, police officers found in Ramirez' bedroom:

> what appeared to be crack cocaine in a clear plastic baggy on top of the T.V. set. It was weighed. It weighed about eleven grams, which is an amount consistent with the intent to distribute. It was tested by the DPS lab, and they determined that it was not cocaine but instead cocaine in the base form. It was hard rock type form, which typically is split up into rocks and distributed on the street for about $20 a rock. Ms. Vargas agreed to make a statement. . . . Mr. Ramirez was involved in selling drugs, would buy ounces of powder cocaine and cook it up into crack cocaine and sell it at about triple the amount that he paid for powder cocaine. . . . She also stated that when she heard this knock at the door, Mr. Ramirez was in the bed. He had the gun in his left hand. He got up. She noticed that the crack cocaine fell out of one of the pockets on his clothes. She picked it up and sat it on top of the T.V. set . . .

(D.E. 66 at 20). Although Ramirez complains that he was sentenced incorrectly, Ramirez does not argue that he is *actually innocent* of possessing with intent to distribute crack cocaine—just that he thought he was pleading guilty to possessing powder cocaine, which carried a lesser sentence at the time.

Because Ramirez has not shown himself to be actually innocent of any of the three counts in the Indictment, he does not establish an excuse for his failure to file his § 2255 motion in a timely fashion or show that exceptional circumstances warrant equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (noting that claims of actual innocence are not a "rare and exceptional circumstance" that justify equitable tolling of the statute of limitations, given that many prisoners maintain they are actually innocent); *Prince v. Thaler*, 354 F. App'x 846 (5th Cir. 2009)

(noting that "[t]here is no precedent in this circuit whether actual innocence may equitably toll the statute of limitations" and declining to address the issue further because the petitioner did not make a showing of actual innocence). Ramirez' objections regarding actual innocence are therefore overruled.

Because Ramirez does not satisfy any of the exceptions to AEDPA's statute of limitations, his § 2255 motion is denied as time barred.

### III. Ramirez' Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2)

Ramirez' § 3582(c)(2) motion raised only a single ground of relief—that the FSA, which reduced the sentencing guideline calculations for many defendants convicted of offenses involving crack cocaine, applies to reduce his sentence and removes the statutory minimum sentence applicable to him.

The M&R to Dismiss concluded that the crack cocaine amendments do not permit the Court to resentence Ramirez because he was sentenced as a career offender, and "'the crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders.'" (M&R at 10 (quoting *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009) and citing *United States v. Perkins*, 407 F. App'x 843, 845 (5th Cir. 2011) (per curiam) (unpublished); *United States v. Sam*, 2011 WL 4436629, *1 (5th Cir. Sept. 26, 2011) (per curiam) (unpublished)). The M&R to Dismiss further recognized that "Amendment 750 to the Sentencing Guidelines recognizes that 'offenders . . . sentenced pursuant to § 4B1.1 (Career Offender)' are sentenced using 'sentencing guideline ranges that are unaffected by a reduction in the Drug Quantity Table.'" (*Id.* (quoting U.S.S.G. Amend. 750, Part A.).)

Ramirez objects to the M&R to Dismiss on the grounds that he was not sentenced as a career offender, but was instead sentenced under the crack cocaine guidelines. Thus, Ramirez argues, the FSA does apply to reduce his sentence and remove the applicable statutory minimum sentence.

The Court's Statement of Reasons shows that Ramirez was sentenced as a career offender under § 4B1.1. (Dkt. No. 43 at 1, *adopting without change* Ramirez' Presentence Investigation Report, Dkt. No. 42 ¶ 22.) The record further shows that, at the time of sentencing, the Court recognized that "there was a Chapter Four enhancement in paragraph 22" and explicitly informed Ramirez that he was a career offender. (Dkt. No. 58 at 13:6-12, 15:11-15.) Here, as in *Anderson*, "[b]ecause the career offender base level exceeded the general base level, the career offender sentencing range governed." 591 F.3d at 790. Accordingly, Ramirez' objection is overruled.

Because the FSA does not apply, Ramirez' motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) is denied.

**IV. Ramirez' Motion for Reconsideration [of] the Denied 18 U.S.C. § 3582(c)(2)**

Ramirez' motion to reconsider argues that U.S.S.G. § 4B1.1 is merely advisory, not mandatory, and "at least four courts of the appeals have concluded that sentencing judges may disagree with the policy behind 4B1.1." (Dkt. No. 76 at 2 (citing *United States v. Michael*, 576 F.3d 323, 327-28 (6th Cir. 2009); *United States v. Clay*, 524 F.3d 871, 878 (8th Cir. 2008); *United States v. Boardman*, 528 F.3d 86 (1st Cir. 2008); *United States v. Sanchez*, 517 F.3d 651, 664-65 (2d Cir. 2008).) Ramirez further moves the Court to abate his motion to reduce sentence until the United States Supreme Court rules on two cases before it that address the retroactivity of the FSA. *United States v. Hill*, 417 F. App'x 560 (7th Cir. 2011) (per curiam) (unpublished), *cert. granted*, 132 S. Ct.

759 (2011); *United States v. Fisher*, 635 F.3d 336 (7th Cir. 2011), *cert. granted sub. nom.*, *Dorsey v. United States*, 132 S. Ct. 759 (2011).

The M&R to Deny Reconsideration recommended that the Court deny Ramirez' motion to reconsider because: (1) Ramirez provided no argument or evidence to explain why the Court should have disregarded the Career Offender requirements and sentenced him differently, and (2) the Supreme Court cases cited by Ramirez addressing the FSA's retroactivity are inapplicable here because Ramirez' sentencing guideline as a career offender was not reduced by the FSA.

Ramirez objects to the M&R to Deny Reconsideration on the grounds that the M&R's "conclusion was in fact based on an erroneous assessment of the Supreme Court's holding in *Freeman v. United States*, 131 S. Ct. 2685 (2011)." (Dkt. No. 87 at 2.) According to Ramirez, "Justice Sotomayor's opinion and conclusions are very clear anytime the base offense is used anywhere in the formulation of a guidelines based sentence, than [*sic*] the defendant is eligible for the reduction under [the FSA]." (*Id.* at 4.) Ramirez then reurges his claim that his base offense level of 26 was determined based on the quantity of crack cocaine he possessed, and then was increased based on his status as a career offender.

Ramirez is correct that his Presentence Investigation Report (PSI) *initially* calculated his base offense level at 26 based on 21 U.S.C. § 841(b)(1)(B), which was then adjusted downward 3 levels based on acceptance of responsibility. (Dkt. No. 42 ¶¶ 14—21.) However, Paragraph 22 of the PSI explained that "the defendant is a career offender within the meaning of U.S.S.G. § 4B1.1. Pursuant to U.S.S.G. § 4B1.1(c)(3), *there is no offense level*. Because [of] a three-level reduction for acceptance of responsibility, his guideline range is 262 to 327 months." (*Id.* ¶ 22 (emphasis added.) Thus, as set forth in Part III, *supra*, Ramirez' career offender status ultimately governed, and his sentence was not based on the amount of crack cocaine he possessed.

Moreover, in *Freeman*, the Supreme Court held that defendants who enter into plea agreements recommending a particular sentence as a condition of the guilty plea may move for relief under § 3582(c)(2) because "the judge's decision to accept the plea and impose the recommended sentence is likely to be based on the Guidelines; and when it is, the defendant should be eligible to seek § 3582(c)(2) relief." 131 S. Ct. at 2694—95. Because *Freeman* did not address defendants who are sentenced as career offenders, it does not change the outcome here.

Accordingly, Ramirez' objections to the M&R to Deny Reconsideration are overruled, and his Motion for Reconsideration [of] the Denied 18 U.S.C. § 3582(c)(2) is denied.

**IV. Conclusion**

For the foregoing reasons, it is hereby **ORDERED** as follows:

(1) Ramirez's Objections to the M&R to Dismiss and M&R to Deny Reconsideration are **OVERRULED**;

(2) Magistrate Judge Owsley's Memorandum and Recommendation to Dismiss Movant's § 2255 Motion and to Deny his Motion to Reduce Sentence (Dkt. No. 71) and Memorandum and Recommendation to Deny the Motion for Reconsideration (Dkt. No. 85) are **ADOPTED** as the opinions of the Court;

(3) Ramirez' Motion and Amended Motion to Vacate, Correct, or Set Aside Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. Nos. 54 and 57-2), Motion to Amend Movant's 28 U.S.C. 2255 Pursuant to FED. R. CIV. P. 15(c)(1)(b) (Dkt. No. 88), Motion to Modify/Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Dkt. No. 63), and Motion for Reconsideration [of] the Denied 18 U.S.C. § 3582(c)(2) (Dkt. No. 76) are **DENIED**; and

(4) Ramirez is **DENIED** a Certificate of Appealability.

**SIGNED** this 25th day of July, 2012.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE