IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. V-04-082 |
| v. | § | |
| | § | (C.A. No. V-11-017) |
| DANIEL RAY RAMIREZ, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM AND RECOMMENDATION
REGARDING THE MOTION FOR RECONSIDERATION**

Movant Daniel Ray Ramirez filed a motion for reconsideration pursuant to Rule 59(e) from the dismissal and denial of his motions pursuant to 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(2). (D.E. 92). For the reasons stated herein, it is respectfully recommended that the motion for reconsideration pursuant to Rule 59(e) be denied in part and dismissed in part.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Movant was indicted on September 16, 2004 on three counts: 1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922, 924; 2) possession with intent to distribute "approximately eleven (11) grams of a mixture or substance containing cocaine base (also known as crack cocaine)" in violation of 21 U.S.C. § 841; and 3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (D.E. 1). A warrant was issued for his arrest and he was brought before the federal courts pursuant to a Writ of Habeas Corpus Prosequendum for his initial appearance in October 2004. (D.E. 4, 6, 7). He was appointed counsel the same day. (D.E. 10).

On April 11, 2005, Movant pled guilty to all three counts pursuant to a written plea agreement, which provided that the Government would recommend a sentence at the lowest end

of the applicable guideline range and maximum credit for acceptance of responsibility.  (D.E. 36 at ¶¶ 1, 2).  After rearraignment on April 11, 2005, the Court ordered preparation of a Presentence Investigation Report.  (D.E. 37).  The Probation Department used the 2004 edition of the Sentencing Guidelines to prepare it.  (D.E. 42 at ¶ 13).  Movant's base level offense was determined by grouping Counts 1 and 2 and then applying the offense level for the more serious charge pursuant to § 3D1.2(c).  Because Count 2 was the more serious offense, his base level was calculated based upon the quantity of drugs for a base offense level of 26.  Id. at  ¶ 14. Count 1 carried a statutory minimum sentence of ten years, Count 2 carried a statutory minimum sentence of five years, and Count 3 carried a statutory minimum sentence of five years, but is required to be run consecutively to any other sentence.  Id. at ¶¶ 45-47.

The Probation Department then determined that Movant qualified as a career offender based on two previous offenses, one involving violent conduct, the other involving a controlled substance offense, which resulted in application of career offender status and a guideline range of 262 to 327 months, id. at ¶ 22, which was calculated after he received a three point reduction for acceptance of responsibility.

Movant's criminal history points totaled nine, but three additional points were added because he was on supervised release for a prior federal offense and because the current offense was committed less than two years after his release from custody for the prior offense.  These points would have resulted in application of criminal history Category V, but Movant's status as a career offender required application of criminal history Category VI.  Id. at ¶¶ 28-31.  The Probation Department calculated the applicable Guideline range as 262 to 327 months imprisonment.  Id. at ¶ 48.

Movant's counsel filed objections to the Presentence Investigation Report.  (D.E. 44).
He objected claiming that Movant had only been convicted of a controlled substance offense
three times before, not four times, and that some of the events listed in the Presentence
Investigation Report were untrue.  Id.  Sentencing was held on August 8, 2005, and judgment
was entered on August 15, 2005.  (D.E. 45).  Movant was sentenced to 120 months in the Bureau
of Prisons on Count 1 and to 202 months imprisonment on Count 2 to run concurrently with
Count 1.  He was sentenced to three years supervised release on Count 1 and five years on Count
2, also to run concurrently.  On Count 3, Movant was sentenced to 60 months imprisonment to
run consecutively to the sentence for Count 2.  For Count 3, he was sentenced to five years
supervised release to run concurrently with his supervised release on Count 2.  A $300 special
assessment was imposed for all three counts.  (D.E. 45).

Movant did not appeal.  After his conviction and sentencing in 2005, he filed a Motion to
Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 along with other related
motions.  (D.E. 54, 55, 57, 60, 64).  The Government responded, and Movant filed a reply.  (D.E.
67, 68, 69).  Additionally, Movant filed a motion to reduce sentence pursuant to 18 U.S.C.
§ 3582(c)(2).  (D.E. 63).  The motions were referred to the magistrate judge on November 9,
2011.  (D.E. 70).  It was recommended that Movant's § 2255 motion to vacate, set aside or
correct sentence be dismissed, that his motion to reduce sentence pursuant to 18 U.S.C.
§ 3582(c)(2) be denied, and that he be denied a certificate of appealability.  See United States v.
Ramirez, No. V-04-082, 2012 WL 2120582 (S.D. Tex. Jan. 17, 2012) (unpublished).  Movant
then filed a motion for reconsideration of the denial of relief pursuant to 18 U.S.C. § 3582(c)(2).

(D.E. 76, 81).[1]  It was recommended that the motion for reconsideration be denied.  See United States v. Ramirez, No. V-04-082, 2012 WL 3050180 (S.D. Tex. Feb. 29, 2012) (unpublished). Movant filed objections to the Memorandum and Recommendation.  (D.E. 83).  The Court addressed Movant's objections, denied relief and adopted the Memoranda and Recommendations by Order dated July 25, 2012.  United States v. Ramirez, No. V-04-82, 2012 WL 3049831 (S.D. Tex. July 25, 2012) (unpublished).  Final judgment was entered on the docket on July 25, 2012. (D.E. 91).  Movant has not filed a notice of appeal, but filed his second motion for reconsideration on August 16, 2012.

## II.  MOVANT'S CLAIMS

Movant claims that the Court overlooked the principles of equitable tolling in deciding his motion to vacate, set aside, or correct judgment and requests that the Court consider the merits of his § 2255 motion.  (D.E. 92, at 3-4).  He also asserts actual innocence as to Count 2 and Count 3 as a basis for equitable tolling.  Id. at 4.  Finally, he contends that the Court prematurely denied him a certificate of appealability and should vacate the denial of certificate of appealability.  Id. at 5.  Movant's motion to amend adds two additional grounds for his motion for reconsideration. The first is a claim that the district court breached the plea agreement by sentencing him for crack cocaine rather than for powder cocaine.  (D.E. 93, at 2).  The second is a claim that the Court's decision was erroneous regarding his conviction for possession of a firearm in furtherance of a drug trafficking crime.  Id. at 2-3.

As a basis for reconsidering his § 3582(c)(2) motion to reduce sentence, Movant claims the Court overlooked the similarity of facts between his case and those in Freeman v. United

---

[1] Although these motions for reconsideration were received by the Clerk on February 3, 2012, and February 14, 2012, they are identical.

4

States, _ U.S. _, 131 S. Ct. 2685, 2695 (2011).  (D.E. 92, at 3).

## III.  ANALYSIS

A.      **Standard For Motions Pursuant To Rule 59(e) Of The Federal Rules Of Civil Procedure**.

A movant may file a post-trial motion seeking relief from a judgment pursuant to Rule 59 of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 59(e).  The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules."  Rule 12 of the Rules Governing Section 2255 Proceedings.  A Rule 59(e) motion must be filed within 28 days from judgment. Movant's motion is timely pursuant to Rule 59(e) as it was placed in the mail on August 12, 2012, within 28 days of the final judgment.

A motion pursuant to § 3582(c)(2) is a "step in a criminal case."  United States v. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000) (per curiam) (citations omitted); United States v. Lewis, 403 F. App'x 923, 924 (5th Cir. 2010) (per curiam) (unpublished) (citation omitted).  As a rule of civil procedure, Rule 59(e) has no application to criminal proceedings.  United States v. Bundy, 198 F.3d 247, 1999 WL 1045167, at *1 (6th Cir. Nov. 9, 1999) (per curiam) (unpublished); United States v. Jenkins, No. 3:99CR21, 2006 WL 1158917, at *1 (W.D.N.C. Apr. 27, 2006) (unpublished).  Accordingly, Movant's Rule 59(e) motion may not be considered as to his motion for sentence reduction pursuant to 18 U.S.C. § 3582.

Nonetheless, *pro se* pleadings must be liberally construed to address the relief sought. Therefore, the motion may be construed as a motion for reconsideration in a criminal case.[2]

---

[2] As a general proposition, review of the merits of a federal prisoner's claim is not circumscribed by the label attached.  See Andrews v. United States, 373 U.S. 334, 337 (1963).

**B.     Movant's Motion For Reconsideration Pursuant To Rule 59(e) Constitutes A Second Or Successive § 2255 Motion**.

In many instances, a defendant bringing a Rule 59(e) motion may run afoul of the prohibition on second or successive motions pursuant to 28 U.S.C. § 2255.  See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005) (discussing motions for relief from judgment pursuant to Rule 60); Williams v. Thaler, 602 F.3d 291, 303-04 & n.10 (5th Cir. 2010) (finding 59(e) claim to be second or successive).  As the Supreme Court explained, "[t]he first step is to determine whether a 'claim presented in a second or successive habeas corpus application' was also 'presented in a prior application.'"  Gonzalez, 545 U.S. at 530.  If so, the claim must be dismissed.  Id.  "A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  Id. at 532.  A movant who "asserts that a previous ruling ... was in error" makes a habeas corpus claim.  Id. at 532 n.4.  However, "when a post-judgment motion 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings,' the motion does not assert a 'claim' that would force a court to construe it as a second or successive habeas petition."  Williams, 602 F.3d at 305 (quoting Gonzalez, 545 U.S. at 532).

With the exception of Movant's claim that the District Court erred by denying him a certificate of appealability because doing so was premature, he complains about this Court's resolution of his § 2255 claims on the merits and asserts virtually the same arguments as grounds for reconsideration that he urged in his original motion to vacate.  See generally Ramirez, 2012

6

WL 3049831.[3]  Movant's claims that this Court erroneously denied his claim to equitable tolling and erroneously resolved his claims constitutes a second or successive motion.  In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
>> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>>
>> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a motion is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court.  See

---

[3] Ramirez raised the following issues in his § 2255 motion (Dkt. No. 54), Amended § 2255 Motion (Dkt. No. 57-2), and "Addendum" to Amended § 2255 Motion (Dkt. No. 60):

(1) He was actually innocent of Count 3, possessing a firearm in furtherance of a drug crime;

(2) He plead guilty to possession of cocaine under 21 U.S.C § 841(b)(1)(C) but was sentenced as if he plead guilty to possession of crack under 21 U.S.C § 841(b)(1)(B);

(3) During sentencing, he relayed to the Court that his attorney had been ineffective since the beginning and showed no interest in representing him;

(4) He asked counsel to file an appeal, and counsel stated he would file an appeal if Ramirez had grounds for an appeal, but because Ramirez "had no grounds, filing an appeal would be a waste of time" (Dkt. No. 60 at 2);

(5) The Government breached the plea agreement when it "sat back and watched Mr. Ramirez get sentenced under 21 U.S.C § 841(b)(1)(B)" (Id.).

Ramirez, 2012 WL 3049831 at 2.

Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam); 28 U.S.C. § 2244 (b)(3)(A)

("Before a second or successive application permitted by this section is filed in the district court,

the applicant shall move in the appropriate court of appeals for an order authorizing the district

court to consider the application.").  There is no indication that Movant has sought or obtained

such permission.  Accordingly, it is respectfully recommended that Movant's Rule 59(e) motion

be dismissed as second or successive on all grounds, except for his claim that the certificate of

appealability was issued prematurely.

**C.     The Motion For Reconsideration Of The Certificate Of Appealability As Premature Is Denied**.

Movant claims that "[t]he decision to grant or deny a COA is not triggered until the

movant first files a notice of appeal or a written request for the same."  (D.E. 92, at 5).  Because

Movant claims that the Court made a procedural error in denying him a certificate of

appealability, his complaint is not second or successive.  See Gonzalez, 545 U.S. at 533.

Although Movant's claim regarding denial of a certificate of appealability is not barred, it

is without merit.  This Court must address whether to issue a certificate of appealability when it

enters a final order adverse to a petitioner.  Rule 11 of the Rules Governing Section 2255

Proceedings ("The district court must issue or deny a certificate of appealability when it enters a

final order adverse to the applicant.").  Accordingly, it is respectfully recommended that

Movant's motion for reconsideration on the grounds that this Court's denial of a certificate of

appealability was premature be denied.

**D.      The Motion For Reconsideration Of The Denial Of His Motion For Sentence Reduction Is Untimely.**

A motion for sentence reduction is a step in a criminal case.  Lewis, 403 Fed. App'x at 924.  The denial of such a motion becomes final when the time to appeal has expired.  Alvarez, 210 F.3d at 310.  A notice of appeal from an order in a criminal case must be filed fourteen days after "the entry of either the judgment or the order being appealed."  Fed. R. App. P. 4(b)(1)(A).

A motion for reconsideration in a criminal proceeding is a legitimate procedural device. United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982) (citations omitted).  However, to be timely, such a motion must be filed within the period allotted for noticing an appeal.  United States v. Thompson, 79 F. App'x 22, 23 (5th Cir. 2003) (per curiam) (unpublished) (motion for reconsideration filed outside time to appeal is untimely and district court did not have jurisdiction to consider the motion) (citation omitted).

The Order denying Movant's motion for sentence reduction was entered on the docket on July 25, 2012.  (D.E. 90).  Movant mailed his motion for reconsideration on August 12, 2012, more than fourteen days after the order was entered on the docket.  See Fed. R. App. P. 4(c) (mail box rule applies to confined inmates); Rule 3(d) of the Rules Governing Section 2255 Proceedings ("A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mail system on or before the last day for filing."); see also Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that pro se inmate's complaint is deemed to be filed on the date that the inmate submits the pleading to prison officials to be mailed).

Consequently, the motion is untimely and outside the court's jurisdiction to consider. Accordingly, it is respectfully recommended that the motion for reconsideration as to the motion for sentence reduction be denied as untimely.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  An appeal from the denial of a Rule 59(e) or Rule 60 motion requires a certificate of appealability in all but very narrow circumstances.  Ochoa Canales v. Quarterman, 507 F.3d 884, 888 (5th Cir. 2007) (per curiam) ("We therefore hold ... that a COA is not required to appeal the denial of a Rule 60(b) motion ... only when the purpose of the motion is to reinstate appellate jurisdiction over the original denial of habeas relief."); Williams v. Quarterman, 293 F. App'x 298, 315 (5th Cir. 2008) (per curiam) (unpublished) ("Williams also must obtain a COA to appeal his Rule 59(e) motion.").  Although Movant has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11 of the Rules Governing Section 2255 Proceedings.

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  This standard requires a § 2255 movant to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further."  United States v. Jones, 287 F.3d

10

325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

Reasonable jurists could not debate this denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that Movant is not entitled to a certificate of appealability.

## V. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that Movant's motion for reconsideration of his motion to vacate pursuant to 28 U.S.C. § 2255, (D.E. 92), be dismissed in part as second or successive. It is further respectfully recommended that his motion for reconsideration as it relates to the previous certificate of appealability, (D.E. 92), be denied in part. Moreover, it is respectfully recommended that his motion for reconsideration of the denial of his motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) be denied. Finally, it is respectfully recommended that Movant be denied a certificate of appealability.

Respectfully submitted this 9th day of October 2012.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2255 Proceedings; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).