## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## VICTORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|   Plaintiff/Respondent, | § | |
| | § | |
|   v. | § | CRIMINAL ACTION NO. V-04-82 |
| | § | CIVIL ACTION NO. V-11-17 |
| DANIEL RAY RAMIREZ, | § | |
|   Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER ADOPTING
## MEMORANDUM & RECOMMENDATION

Pending before the Court is United States Magistrate Judge Brian L. Owsley's Memorandum and Recommendation Regarding the Motion for Reconsideration ("M&R") (Dkt. No. 95).[1]

## I. Factual and Procedural Background

Movant Daniel Ray Ramirez ("Ramirez")  was indicted on September 16, 2004 on three counts: (1) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute "approximately eleven (11) grams of a mixture or substance containing cocaine base (also known as crack cocaine)" in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Dkt. No. 1.) Ramirez pled guilty to all three counts of the Indictment pursuant to a written plea agreement (Dkt. No. 36) and was sentenced to 262 months imprisonment, five years supervised release, and a $300 special assessment ($100 per count). (Dkt. No. 45.) Judgment was entered on August 15, 2005. (*Id.*) Because Ramirez did not appeal, his conviction became final on August 29, 2005. *See* FED. R. APP. P. 26(a)(2).

---

1. Docket Entry references are to the criminal case, V-04-CR-82.

On March 22, 2011, Ramirez filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255, as well as a number of other related motions (Dkt. Nos. 54, 55, 57, 60, 64),[2] to which the United States of America ("the Government") responded (Dkt. No. 67), and Ramirez replied (Dkt. Nos. 68, 69). While his § 2255 motion was still pending, Ramirez filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the Fair Sentencing Act of 2010 (FSA), which reduced the sentencing guideline calculations for many defendants convicted of offenses involving crack cocaine (Dkt. No. 63).

On January 17, 2012, Magistrate Owsley issued his Memorandum and Recommendation to Dismiss Movant's § 2255 Motion and to Deny His Motion to Reduce Sentence ("M&R to Dismiss"), recommending that both of Ramirez' motions be dismissed (Dkt. No. 71). The M&R to Dismiss ultimately concluded that: (1) Ramirez' § 2255 motion is time-barred; (2) Ramirez' claims of actual innocence are insufficient to equitably toll the statute of limitations with respect to his § 2255 motion; (3) the FSA is not applicable to Ramirez as a result of his career offender status; and (4) Ramirez is not entitled to a certificate of appealability.

Ramirez filed his untimely Objections to the Magistrate's Memorandum and Recommendation to Dismiss Movant's § 2255 on February 13, 2012 (Dkt. No. 82).[3] More than four months later, on June 25, 2012, Ramirez filed an even more untimely Motion to Amend Movant's 28 U.S.C. 2255 Pursuant to FED. R. CIV. P. 15(c)(1)(b) (Dkt. No. 88).

Ramirez did not file written objections to the M&R to Dismiss with respect to his § 3582(c)(2) motion, but instead filed a Motion for Reconsideration [of] the Denied 18 U.S.C. §

---

2. Ramirez certified that he delivered these motions to prison authorities on March 22, 2011. (Dkt. No. 54 at 14.) Under the "mailbox rule," the date of filing for *pro se* prisoners is set to the date the inmate places the legal paper in the hands of prison officials for mailing. *Spotville v. Cain*, 149 F.3d 374, 376–78 (5th Cir.1998).

3. Ramirez certified that he mailed his Objections on February 13, 2012. (Dkt. No. 82 at 25.) Under the mailbox rule, Ramirez' Objections were not timely filed. *See Spotville*, 149 F.3d at 376–78.

3582(c)(2) on January 30, 2012 (Dkt. No. 76). On February 29, 2012, Magistrate Owsley issued a Memorandum and Recommendation to Deny the Motion for Reconsideration (Dkt. No. 85). On March 23, 2012, the Clerk received Ramirez' Objection to Magistrate's M&R to Deny the Motion for Reconsideration of 3582(c)(2) (Dkt. No. 87).

On July 25, 2012, the Court issued a Memorandum Opinion & Order Adopting Memoranda & Recommendations (Dkt. No. 90), which denied Ramirez' various motions and denied a Certificate of Appealability (COA). *United States v. Ramirez*, 2012 WL 3049831 (S.D. Tex. July 25, 2012) (unpublished). Final judgment was entered the same day. (Dkt. No. 91.)

On August 12, 2012, Ramirez filed the presently-pending Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) ("Second Motion for Reconsideration") (Dkt. No. 92). Ramirez' motion reasserts his previously-dismissed claims of actual innocence as to Counts 2 and 3 as a basis for equitable tolling, alleges that the Court's July 25, 2012 Order overlooked the principles of equitable tolling in deciding his § 2255 motion, and asks the Court to reconsider his § 2255 on the merits. The motion also argues that the Court prematurely denied Ramirez a COA. On August 16, 2012, Ramirez filed a Motion to Amend Motion to Reconsider (Dkt. No. 93), which Magistrate Owsley granted (Dkt. No. 94). Ramirez' Motion to Amend reasserts his previously-dismissed claims that the Court breached the plea agreement when it erroneously sentenced him for crack cocaine rather than for powder cocaine and that he is actually innocent of using a firearm in furtherance of a drug trafficking offense.

On October 9, 2012, Magistrate Owsley issued the M&R, recommending that Ramirez' Second Motion for Reconsideration be denied. The M&R ultimately concluded that: (1) Ramirez' claims that the Court erroneously denied his claim to equitable tolling and erroneously resolved his claims concerning actual innocence and using a firearm constitute a second or

successive § 2255 motion; (2) the aforementioned claims should be denied because Ramirez did

not seek or receive permission from the Fifth Circuit before filing a second § 2255 motion before

this Court; (3) the Court did not commit procedural error in denying Ramirez a COA because

Rule 11 of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must

issue or deny a certificate of appealability when it enters a final order adverse to the applicant";

and (4) the Court was without jurisdiction to consider Ramirez' motion for reconsideration

concerning his § 3582 motion because it was untimely.

On October 18, 2012, Ramirez filed a Motion for Reconsideration and Response to

Requested Denial of 59(e) (Dkt. No. 96), which the Court will construe as Ramirez' Objections

to the M&R.

## II. Legal Standard

A district court that refers a case to a magistrate judge must review *de novo* any portions

of the magistrate judge's proposed findings and recommendations on dispositive matters to

which the parties have filed specific, written objections. *See* FED. R. CIV. P. 72(b). The district

court may accept, reject, or modify, in whole or in part, those portions of the proposed findings

and recommendations. *See id.*

## III. Analysis

Ramirez first claims that the M&R's conclusion that Ramirez' Second Motion for

Reconsideration constitutes a second or successive § 2255 motion is erroneous because "[a]

claim would have to be intirely [*sic.*] defferent [*sic.*] in nature" and "no additional claims were

submitted." (Dkt. No. 96 at 2.) Under the Antiterrorism and Effective Death Penalty Act

(AEDPA), before a prisoner can file a successive habeas petition in district court, he must first

obtain leave to file a successive petition from the appropriate circuit court. 28 U.S.C. §§

2244(b)(3)(A), 2255. Compliance with § 2244(b)(3)(A)'s certification requirement is a prerequisite to the district court's jurisdiction. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). The Fifth Circuit has held that motions seeking reconsideration of a denial of a habeas petition are normally treated as successive habeas petitions under AEDPA. *Hess v. Cockrell*, 281 F.3d 212, 214-15 (5th Cir. 2002); *Fierro v. Johnson*, 197 F.3d 147, 151 (5th Cir. 1999). Ramirez cites no authority for his claim that in order to be successive, the claims raised in his motion to reconsider would have to be "entirely different." Accordingly, this objection is **OVERRULED**.

Ramirez further argues that the M&R "fails to acknowledge the manifest error of law that accurred [*sic*]" due to "the change of law that was not available at the time of his conviction." (Dkt. No. 96 at 1.)

Ramirez first claims that under *United States v. Self*, 596 F.3d 245 (5th Cir. 2010), "[t]he Court can not allow one to plea, then change the terms of the plea, without allowing the deffendant [*sic.*] to plead anew." (*Id.* at 2.) This pertains to Ramirez' prior claim in his motion to reduce sentence under § 3582 that he pled guilty to possessing powder cocaine but was sentenced as if he possessed crack cocaine. As the M&R correctly concluded, a motion to reconsider in a criminal proceeding must be filed within the time period allotted for noticing an appeal. *United States v. Thompson*, 79 F. App'x 22, 23 (5th Cir. 2003) (per curiam). Because Ramirez mailed his motion for reconsideration more than fourteen days after the Court's July 25, 2012 Order was entered, the Court is without jurisdiction to consider this claim.

Ramirez also reasserts his claim that under *Watson*, he is actually innocent of possessing a firearm in furtherance of a federal drug trafficking crime. *United States v. Watson*, 262 Fed. App'x 612 (5th Cir. 2008) (holding that "a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs"). The Court previously dismissed this claim as meritless

because the offense conduct giving rise to Ramirez' conviction under 18 U.S.C. § 924(c)(1)(A) was not that Ramirez traded the firearm for crack, but instead that he pointed the firearm at a police officer's head to protect his crack supply while the officer was attempting to arrest him on several state felony warrants. (Dkt. No. 90 at 4-5.) Because Ramirez did not seek or receive permission from the Fifth Circuit before filing a second § 2255 motion before this Court, the Court is without jurisdiction to consider this claim.

Accordingly, Ramirez' objections concerning any purported "change of law" are **OVERRULED**.

## IV. Conclusion

For the foregoing reasons, Ramirez' Objections to the Second M&R to Deny Reconsideration are **OVERRULED**, and Magistrate Judge Owsley's Memorandum and Recommendation Regarding the Motion for Reconsideration (Dkt. No. 95) is **ADOPTED** as the opinion of the Court.

It is so **ORDERED**.

**SIGNED** this 31st day of October, 2012.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE