UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|    Plaintiff/Respondent, § | |
| § | CIVIL ACTION NO. 6:11-17 |
| v. § | CRIMINAL ACTION NO. 6:04-82 |
| § | |
| DANIEL RAY RAMIREZ, § | |
|    Defendant/Movant. § | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court are Movant Daniel Ray Ramirez' ("Ramirez") motion and supplemental motion for leave to file a second or successive motion under 28 U.S.C. § 2255 (Dkt. Nos. 114 & 115), motion requesting a Certificate of Appealability (Dkt. No. 116), and motion to amend § 2255 motion (Dkt. No. 117).

**I. Factual and Procedural Background**

Ramirez previously pleaded guilty to: (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute "approximately eleven (11) grams of a mixture or substance containing cocaine base (also known as crack cocaine)" in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1) (B); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to 262 months imprisonment, five years supervised release, and a $300 special assessment. Judgment was entered on August 15, 2005. Because Ramirez did not appeal, his conviction became final on August 29, 2005.

On March 22, 2011, Ramirez filed a motion to vacate, correct, or set aside sentence pursuant to 28 U.S.C. § 2255, as well as a number of other related motions (Dkt. Nos. 54, 55, 57, 60, 64). While his § 2255 motion was still pending, Ramirez filed a motion to reduce his

sentence pursuant to 18 U.S.C. § 3582(c)(2) based upon the Fair Sentencing Act of 2010, which reduced the sentencing guideline calculations for many defendants convicted of offenses involving crack cocaine (Dkt. No. 63).

On January 17, 2012, Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation to Dismiss Movant's § 2255 Motion and to Deny His Motion to Reduce Sentence (Dkt. No. 71), concluding that: (1) Ramirez' § 2255 motion was time-barred; (2) Ramirez' claims of actual innocence were insufficient to equitably toll the statute of limitations with respect to his § 2255 motion; (3) the FSA was not applicable to Ramirez as a result of his career offender status; and (4) Ramirez was not entitled to a Certificate of Appealability. *United States v. Ramirez*, 2012 WL 2120582 (Owsley, Mag. J.) (S.D. Tex. Jan 17, 2012) (unpublished). The Court thereafter issued a Memorandum Opinion & Order Adopting Memoranda & Recommendations (Dkt. No. 90), which denied Ramirez' various motions and denied a Certificate of Appealability. *United States v. Ramirez*, 2012 WL 3049831 (S.D. Tex. Jul. 25, 2012) (unpublished). Ramirez then filed a Motion for Reconsideration Pursuant to Federal Rule of Civil Procedure 59(e) (Dkt. No. 92), which the Court denied (Dkt. No. 97). *United States v. Ramirez*, 2012 WL 5381790 (S.D. Tex. Oct. 31, 2012) (unpublished).

On November 16, 2012 and December 31, 2012, Ramirez filed notices of appeal regarding the Court's July 25, 2012 Order denying his § 2255 motion and motion to reduce sentence and the Court's October 31, 2012 Order denying reconsideration, respectively. (Dkt. Nos. 98, 103.) The Court of Appeals for the Fifth Circuit denied Ramirez' appeals and affirmed the decision of the Court. *United States v. Ramirez*, 541 Fed. App'x 485 (5th Cir. 2013).

Ramirez' currently-pending motions were all filed between June 4, 2014 and June 23, 2014.

## II. Motions for Leave to File a Successive Motion under 28 U.S.C. § 2255(h)

Ramirez first moves the Court for permission to file a second § 2255 motion under 28 U.S.C. § 2255(h). This statute provides as follows:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Section 2244 cited therein provides in relevant part:

> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

*Id.* § 2244(b)(3)(A).

Before Ramirez may file a second or successive § 2255 motion in this Court, he must receive permission from the United States Court of Appeals for the Fifth Circuit. Because Ramirez has neither sought nor received the required authorization from the Fifth Circuit, his requests for leave to file a second or successive § 2255 motion (Dkt. Nos. 114 & 115) are **DENIED**.

## III. Motion for Certificate of Appealability

Ramirez further moves the Court for a Certificate of Appealability in order to appeal its July 25, 2012 Order denying his § 2255 motion and motion to reduce sentence (Dkt. No. 90). That Order, as well as the Court's subsequent Order denying reconsideration, already denied Ramirez a Certificate of Appealability. Ramirez nonetheless appealed both decisions, and his appeals were denied. For the reasons previously stated by Magistrate Owsley and adopted by the

3

Court, *Ramirez*, 2012 WL 2120582 at *6, Ramirez' motion for a Certificate of Appealability (Dkt. No. 116) is **DENIED**.

## IV. Motion to Amend § 2255 Motion

Finally, Ramirez has filed a "Motion to Amend 2255(h)(2)". It appears that Ramirez seeks to amend the arguments he intends to raise in his future § 2255, as set forth in his motions for leave to file a second or successive § 2255 motion. Because Ramirez does not have permission to file another § 2255 motion, his motion to amend (Dkt. No. 117) is **DENIED as MOOT**.

## V. Conclusion

For the reasons set forth above, Ramirez' motion and supplemental motion for leave to file a second or successive motion under 28 U.S.C. § 2255 (Dkt. Nos. 114 & 115), motion requesting a Certificate of Appealability (Dkt. No. 116), and motion to amend § 2255 motion (Dkt. No. 117) are **DENIED**.

It is so **ORDERED**.

**SIGNED** this 30th day of June, 2014.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE