United States District Court
Southern District of Texas
**ENTERED**
June 10, 2022
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**VICTORIA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CRIMINAL NO. 6:04-82** |
| | § | |
| **DANIEL RAY RAMIREZ,** | § | |
| **Defendant.** | § | |

**MEMORANDUM OPINION & ORDER**

The matter before the Court is on remand from the United States Court of Appeals for the Fifth Circuit. *See* D.E. 140. Now pending is Defendant Daniel Ray Ramirez' Motion for a Time Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(B) as to the First Step Act (D.E. 128).

**I. Background**

In 2005, Defendant pled guilty to: (1) being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2); (2) possession with intent to distribute 11.56 grams of a mixture or substance containing cocaine base (crack cocaine) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B); and (3) possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The Probation Officer prepared a Presentence Investigation Report (PSR, D.E. 42-1), which determined that Defendant was a career offender under U.S.S.G. § 4B1.1. His resulting advisory guideline sentence was 262–327 months' imprisonment on Counts One and Two, with an additional 60 months on Count 3 to run consecutively. The Court adopted the PSR and sentenced Defendant to a below-Guidelines sentence of 262 months' imprisonment, consisting of 120 months on the felon in possession conviction, 202 months as on the cocaine base conviction, to run concurrently, and 60 months on the § 924(c) conviction, to run consecutively.

1

Defendant has filed several motions to reduce his sentence over the last decade based on amendments to the United States Sentencing Guidelines that reduced the base offense level for certain drug crimes. However, all his motions were denied because he was sentenced as a career offender and not based on drug quantity. He now moves the Court to reduce his sentence pursuant to the recently-enacted First Step Act of 2018, PL 115-015, _____, 2018, 132 Stat. 015. The First Step Act ("FSA") makes retroactive the reforms enacted by the Fair Sentencing Act of 2010 ("FAIR"), which reduced the disparity between crack and powder cocaine sentences.

The Court previously denied relief by written Order dated March 20, explaining:

[A]s the Fifth Circuit had previously recognized, "The district court correctly determined that Ramirez was sentenced as a career offender and so was not entitled to a sentence reduction because 'the crack cocaine guideline amendments do not apply to prisoners sentenced as career offenders.'" *United States v. Ramirez*, 541 F. App'x 485, 486 (5th Cir. 2013) (quoting *United States v. Anderson*, 591 F.3d 789, 791 (5th Cir. 2009)). The remaining amendments contained in the First Step Act are not retroactive and also do not benefit Defendant.

D.E. 129, p. 2.

The Fifth Circuit vacated and remanded that decision, stating that "it appears that the district court erred in distinguishing the First Step Act's eligibility requirements from those governing earlier amendments of pertinent United States Sentencing Guidelines drug quantity provisions." *United States v. Ramirez*, 834 F. App'x 904, 907 (5th Cir. 2020). The Court notes that it previously considered whether Defendant would receive a lower sentence under the FSA and FAIR, but found it was not necessary to discuss the matter at length because his career offender guideline range remained unchanged. Based on the Fifth Circuit's opinion, the Court will explain why Defendant is not entitled to relief.

## II. Legal Standard

In its Opinion vacating the Court's prior Order, the Fifth Circuit discussed the history of

the FSA and FAIR, setting forth the relevant legal standard as follows:

> The First Step Act of 2018 was enacted to remedy a gap left open by the Fair
> Sentencing Act of 2010 and various amendments to the United States Sentencing
> Guidelines relative to sentences imposed for certain crack offenses. In 2010,
> Congress enacted the Fair Sentencing Act in order to, among other things, reduce
> the disparity in treatment of crack and powder cocaine offenses by increasing the
> threshold quantities of crack required to trigger the mandatory minimum sentences
> under 21 U.S.C. § 841(b)(1)(A) and (B). *See* Fair Sentencing Act of 2010, Pub. L.
> No. 111-220, § 2, 124 Stat. 2372 (2010). Specifically, section 2 of the Fair
> Sentencing Act "increased the drug amounts triggering mandatory minimums for
> crack trafficking offenses from 5 grams to 28 grams in respect to the 5-year
> minimum and from 50 grams to 280 grams in respect to the 10-year minimum."
> *Dorsey v. United States*, 567 U.S. 260, 269 (2012). In effect, section 2 "reduc[ed]
> the crack-to-powder cocaine disparity from 100–to–1 to 18–to–1." *Id.* at 264, 132
> S.Ct. 2321. Section 3 of the Fair Sentencing Act "eliminated a mandatory minimum
> sentence for simple possession of cocaine base." *United States v. Hegwood*, 934
> F.3d 414, 418 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). The Fair Sentencing
> Act additionally instructed the Sentencing Commission to "make such conforming
> amendments to the Federal [S]entencing [G]uidelines as the Commission
> determines necessary to achieve consistency with other guideline provisions and
> applicable law." Pub. L. No. 111-220, § 8(2), 124 Stat. at 2374.
>
> Importantly, the Fair Sentencing Act's statutory changes were *not* retroactive.
> *United States v. Jackson*, 945 F.3d 315, 318 (5th Cir. 2019), *cert. denied*, 140 S.
> Ct. 2699 (2020). As a result, sentence modifications based on Sentencing Guideline
> amendments that were implemented pursuant to the Fair Sentencing Act remained
> unavailable to (1) persons whose sentences were restricted by pre-Fair Sentencing
> Act statutory minimums; and (2) persons ineligible under 18 U.S.C. § 3582(c)(2)
> by virtue of having being sentenced as career offenders, pursuant to U.S.S.G. §
> 4B1.1, "based on" higher guideline ranges than the reduced drug quantity guideline
> ranges in U.S.S.G. § 2D1.1. *See e.g.*, *United States v. Stewart*, 964 F.3d 433, 436
> (5th Cir. 2020) (citing U.S.S.G. § 1B1.10, cmt. 1); *United States v. Quintanilla*, 868
> F.3d 315, 318 (5th Cir. 2017).
>
> On December 21, 2018, however, the First Step Act of 2018 became law,
> introducing a number of criminal justice reforms. Pertinent here, section 404 of the
> First Step Act concerns retroactive application of the Fair Sentencing Act of 2010.
> Pub. L. No. 115-391, § 404(b), 132 Stat. at 5222.[1] Specifically, section 404 gives

---

1.   Section 404 of the First Step Act of 2018 provides:

courts the discretion to retroactively apply the Fair Sentencing Act to reduce a prisoner's sentence for certain covered offenses. *Hegwood*, 934 F.3d at 418 ("It is clear that the First Step Act grants a district judge limited authority to consider reducing a sentence previously imposed."). A defendant is eligible for a sentence reduction under the First Step Act if: (1) he committed a "covered offense"; (2) his sentence was not previously imposed or reduced pursuant to the Fair Sentencing Act; and (3) he did not previously file a motion under the First Step Act that was denied on the merits. Id. at 416–17.

A "covered offense" within the meaning of the First Step Act is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010, that was committed before August 3, 2010." Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222. Whether a defendant has a "covered offense" under section 404(a) depends on the statute under which he was convicted, rather than facts specific to the defendant's violation. Jackson, 945 F.3d at 319–20. Thus, if a defendant was convicted of violating a statute whose penalties were modified by the Fair Sentencing Act, that defendant meets that aspect of a "covered offense." *Id.*

Eligibility for resentencing under the First Step Act does not equate to entitlement. *Id.* at 321. Indeed, the statute expressly states: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Pub. L. No. 115-391, § 404(c), 132 Stat. at 5222. To the contrary, the decision whether to wield the resentencing authority granted by the First Step Act is one committed to the court's discretion. Jackson, 945 F.3d at 321.

*Ramirez*, 834 F. App'x at 905–07.

---

(a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was committed before August 3, 2010.

(b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

(c) LIMITATIONS.—No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391, § 404, 132 Stat. at 5222 (emphasis added).

### III. Analysis

Defendant was originally sentenced in 2005 based on 11.56 grams of crack, which had a statutory imprisonment range of 5 to 40 years at the time. Section 2 of FAIR amended Defendant's applicable penalty statute by increasing the drug quantity to trigger the 5-year mandatory minimum from 5 grams of crack to 28 grams. It also reduced the statutory maximum penalty from 40 years to 20 years for the quantity of drugs he possessed. "Because Defendant's offense concluded in [2004], and the applicable statutory penalties for the offense were modified by the Fair Sentencing Act, he committed a 'covered offense' under § 404(a) of the First Step Act." *United States v. Weatherall*, 2021 WL 347571, at *2 (N.D. Tex. Feb. 2, 2021) (citing *See United States v. Whitehead*, —— F.3d ——, 2021 WL 211137, at *1 (5th Cir. Jan. 21, 2021)). Thus, under § 404(b) of the FSA, the Court "has discretion to 'impose a reduced sentence as if sections 2 and 3 of FAIR were in effect at the time the covered offense was committed.'" *United States v. Stewart*, 964 F.3d 433, 436 (5th Cir. 2020) (quoting 132 Stat. at 5222).

In *Stewart*, the Fifth Circuit "was careful to emphasize that 'we need not and do not decide whether a district court faced with a resentencing motion invoking section 404(b) of the FSA must apply *all* retroactive amendments to the Sentencing Guidelines.'" *United States v. Batiste*, 980 F.3d 466, 473 (5th Cir. 2020) (quoting *Stewart*, 964 F.3d at 439) (emphasis in *Stewart*). Out of an abundance of caution, the Court will apply the 2021 Guidelines Manual so that Defendant receives the benefit of all crack-related amendments enacted since FAIR. Using the 2021 Guidelines Manual, Defendant's post-FSA/FAIR sentence would be calculated as follows:

**Count One: Felon in possession of a firearm.** The guideline for violation of 18 U.S.C. § 922(g)(1) is found in U.S.S.G. § 2K2.1, which calls for a base offense level of 24 because Defendant committed the instant offense after sustaining at least two felony convictions of either

a crime of violence or a controlled substance offense. The maximum term of imprisonment is 10 years. 18 U.S.C. §§ 922(g)(1) and 924(c).

**Count Two: Possession with intent to distribute 11.56 grams of cocaine base.** The guideline for violation of 21 U.S.C. § 841(a)(1) is found in U.S.S.G. § 2D1.1(c)(11), which calls for a base offense level of 18 for at least 11.2 grams but less than 16.8 grams of cocaine base. The maximum term of imprisonment is 20 years. 21 U.S.C. § 841(b)(7).

**Count Three: Possession of a firearm in furtherance of a drug trafficking crime.** The guideline for violation of 21 U.S.C. § 924(c) is found in U.S.S.G. § 2K2.4(c), which states that the guideline sentence shall be determined under U.S.S.G. § 4B1.1(c). The minimum term of imprisonment is 5 years,[2] and any sentence imposed for Count Three must run consecutively to any other sentence. 18 U.S.C. § 924(c)(1)(A)(i).

**Grouped Counts.** Pursuant to U.S.S.G. § 3D1.2(c), when one count embodies conduct that is treated as a specific offense characteristic to another of the counts, the counts should be grouped together; therefore, Count One is grouped with Count Two. The offense level applicable is the offense level for the most serious of the counts comprising the group, here, the felon in possession count. After a 3-level adjustment for acceptance of responsibility, Defendant's total offense level for Counts One and Two is 21. A criminal history category of V yields an advisory guidelines range of 70–87 months.

**Career Offender.** Defendant has prior felony convictions for a crime of violence (aggravated assault) and a controlled substance offense (distribution of 0.52 of a gram of cocaine

---

2. Under the FSA, the minimum term of imprisonment would increase to 7 years because the firearm was brandished. 18 U.S.C. § 924(c)(1)(A)(ii). According to the PSR, on August 20, 2004, officers arrived at Defendant's residence for the purpose of arresting him on outstanding felony warrants, including a complaint that he had pistol whipped two individuals with a revolver. After approximately two minutes of an officer knocking on the door, Defendant opened the door and pointed a revolver at the officer's head.

base). Since the instant offense involves a controlled substance offense and a violation of 18 U.S.C. § 924(c), and Defendant was 18 years or older at the time of its commission, Defendant is a career offender within the meaning of U.S.S.G. § 4B1.1(c). In reducing the statutory maximum sentence for some crack offenses, the FSA and FAIR also reduced the guidelines for some career offenders whose offense levels were determined based on the statutory maximum sentence for the underlying crack offense. *See* U.S.S.G. § 4B1.1(b); *Stewart*, 964 F.3d at 437 (finding that FAIR's changed statutory maximums reduced defendant's corresponding career offender offense level from 37 to 34, such that his resulting guidelines range was 262–327 months (using the 2018 Manual) rather than 324–405 months (using the 2001 Manual)). The FSA and FAIR did not affect Defendant's career offender guidelines, however, because he was convicted of a violation of 18 U.S.C. § 924(c) in addition to his crack offense. Under U.S.S.G. § 4B1.1(c)(3), there is no offense level, and Defendant's guideline sentence on Counts One and Two remains 262–327 months. Defendant also remains subject to a mandatory minimum 5-year sentence on Count Three.

As it did in 2005, the Court finds a sentence of 262 months to be appropriate. It therefore declines to grant a sentence reduction in this case.

## IV. Conclusion

For the reasons stated above, Defendant's Motion for a Time Reduction Pursuant to 18 U.S.C. § 3582(c)(1)(B) as to the First Step Act (D.E. 128) is **DENIED**.

It is so **ORDERED** this 7th day of June, 2022.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

7